THE WATKINS SALT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107012.    Promulgated November 24, 1942.

*William Flannery, Esq.,* and *Charles L. Brayton, Esq.,* for the petitioner.

*Z. N. Diamond, Esq.,* for the respondent.

OPINION.

STERNHAGEN, *Judge:* The Commissioner held that the amounts of $12,500 and $1,268.62 paid to the Cobbs were "not allowable deductions as ordinary and necessary business expenses as provided in section 23 (a) of the Revenue Act of 1938." There is no denial that the payments were made. The controversy is as to whether they are deductible expenses; the respondent holding the petitioner to its burden of an affirmative showing that they were such in view of some possible doubt as to what the payments really were. The evidence indicates, in our opinion, that the payments were ordinary and necessary expenses of the petitioner in carrying on its trade or business, and are therefore proper deductions in 1938.

The payment of $12,500 was expressly made in settlement of the claims of the two Cobbs based by them on the agreement of February 28, 1921, whereby, in consideration of their withdrawal of their appeal from an adverse decision of a trial court, petitioner and Clute, recognizing the Cobbs' holdings in the old Rock Salt corporation, agreed to a parity of treatment of their holdings and a distribution to them of moneys received proportionately with those to the other shareholders. Although the 1921 agreement is not drawn with precision, and the letter of June 10, 1938, is even more uncertain in its terms of claim, nevertheless the evidence is sufficient to give a fairly clear idea of the circumstances and character of the agreement, claim, settlement, and payment. The Cobbs had been original holders of an interest, direct or indirect, in the Rock Salt mining property acquired by petitioner and leased by it at a rental. The Cobbs had become involved in litigation with the trustees of that corporation, and, to settle the litigation, made the agreement of February 28, 1921. The Watkins Salt Co. acquired the Rock Salt properties. No payments were made by petitioner pursuant to the agreement, and the claim of the Cobbs was therefore submitted in the letter of June 10, 1938. After negotiation, the claim was compromised, and in September 1938 the $12,500 was paid by petitioner in settlement of all liability to the Cobbs for the period ending December 31, 1937.[1]

Taking the case here as arising from a settlement payment made by this petitioner in 1938 in compromise of a disputed claim against it for a contract share of the rents which it had received during the period ending December 31, 1937, we think the payment may properly be regarded as an ordinary and necessary business expense. The claim was not sufficiently definite in either substantive liability or terms to require a determination that the amount paid had been serially accruing in the years from 1921 to 1938, for so far as appears the claim was in those years neither known nor accounted for. Petitioner first knew of it when the letter was received in 1938. The language of the 1921 agreement may have been intended to cover such a definite liability, but it can not be said, after seventeen years of silence and inaction under the contract, that liabilities under it definitely accrued each year so that they were deductible as accrued expenses. Cf. *Jamaica Water Supply Co.* v. *Commissioner*, 125 Fed. (2d) 512; certiorari denied, 316 U. S. 698.

Nor is it fair to say that the liability was not that of petitioner but that of individual parties to the agreement; for the rents against

[1] A similar claim was filed by another person named Welty, who had had an interest in the old Rock Salt company, and this claim was sued upon in the United States District Court and judgment was given for the plaintiff on May 26, 1942. The opinion of the District Judge throws some additional light upon the circumstances of the Cobb claim, although that opinion and its statement of facts are not in evidence in this proceeding. and we do not, therefore, go to that opinion for any of the facts here.

which the former shareholders of the old Rock Salt company claimed a share were the rents which had been received by the Watkins Salt Co., and it would be unwarranted to treat the compromise payment by that company as if it were gratuitously made.

The further payment of $1,268.62 was the proportionate amount of the rents received in 1938. It was paid according to the 1921 agreement. Even though, as has been held in respect of the $12,500, the payment is an ordinary and necessary expense, it was not made until 1939. Nothing in the evidence shows that the petitioner's method of accounting was an accrual method, and the payment of 1939 may not, therefore, be taken as a deduction of 1938. The disallowance is to this extent sustained.

In respect of the deduction of $12,500, the determination is reversed.

*Decision will be entered under Rule 50.*