John E. Simanek v. Commissioner.
Simanek v. Commissioner
Docket No. 84540.
United States Tax Court
T.C. Memo 1961-200; 1961 Tax Ct. Memo LEXIS 155; 20 T.C.M. (CCH) 996; T.C.M. (RIA) 61200; June 30, 1961
John E. Simanek, 120 Cabrini Blvd., New York, N. Y., pro se. David E. Crabtree, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in income tax of the petitioner for the calendar year 1957 in the amount of $287. The sole issue for decision is whether petitioner is entitled to a deduction as an ordinary and necessary business expense in 1957 in the amount of $1,450 or any part thereof for expenses of a European trip which he took over the period November 26, 1956 through January 5, 1957. Findings of Fact Petitioner is an individual now residing at 159-34 Riverside Drive, New York, New York. *156 He filed his individual income tax return for the calendar year 1957 with the district director of internal revenue at Scranton, Pennsylvania. Petitioner is a free lance shoe designer and his business is obtained by applying to shoe manufacturers and showing them what he can do in styling. All of his income in 1957 was received for work in designing shoes. It is the custom for persons engaged in the business of shoe designing to go to Italy and France occasionally for the purpose of developing new ideas for designs. It is necessary for a free lance designer to have original ideas in order to obtain work. One New York shoe manufacturer suggested to petitioner in 1956 that he take a European trip in order that such fact might be published in connection with his shoe designs. Petitioner left the United States for Europe via Pan American World Airways on November 26, 1956, and returned by the same means on January 5, 1957. Petitioner purchased his Pan American Airways ticket on November 7, 1956, for $830.40, which he paid in full by check in 1956 prior to his departure for Europe on November 26. Petitioner was born in Germany and has relatives living in the southwest portion of that *157 country. He also has an uncle who lives in Vienna. Petitioner went from Idlewild, New York, first to Lisbon and then to Madrid. From Madrid he went to Rome and from Rome to Istanbul, Athens, Vienna, Frankfort, and finally to Paris for the last 2 weeks of his trip before his return to New York on January 5, 1957. The first work in connection with shoe designing that petitioner did on his trip was in Rome where he spent a week doing sketching for new designs. He did no work in connection with shoe designing in Istanbul or Athens, but in Vienna, where petitioner stayed for 2 or 3 days with his uncle, he did visit an advertising agency which did his advertising in New York. In Frankfort, he visited a concern which publishes designs for him. During his 2 weeks' stay in Paris, he visited some shoe manufacturers and did sketches for new lines. In addition to the $830.40 spent by petitioner for his airline ticket, he spent in cash $620 during his European trip. All of this amount, except his daily expenses in Paris from January 1 to January 5, 1957, was spent by petitioner during the year 1956. Petitioner stayed at the Hotel Francis in Paris. His hotel room was $10 a day. Petitioner spent *158 $20 a day during the time he was in Paris for hotel, meals, and taxi fares. Petitioner claimed as a deduction on his 1957 tax return, under the designation "Business Trip to Italy", the amount of $1,450. Respondent disallowed this claimed deduction with the following explanation: The deduction of $1,450.00 claimed for expenses incurred on an alleged business trip to Italy has been disallowed because a bona fide business purpose for the trip has not been shown. The cost of the portion of petitioner's trip which consisted of going to Rome and Paris constituted an ordinary and necessary business expense deductible in 1957 to the extent of the amount thereof paid by petitioner during that year. The amount paid by petitioner as expenses of his trip during the year 1957 was $80. Opinion The record is unequivocal that the major portion of petitioner's expenses for this European trip was paid by him in 1956. Petitioner makes no contention nor is there any evidence showing that he used any basis of accounting other than cash receipts and disbursements. A cash-basis taxpayer is generally entitled to deductions for ordinary and necessary business expenses only in the year in which such *159 amounts are paid. Petitioner has shown no facts which would entitle him to deduct in 1957 amounts actually paid in 1956 for costs of his European trip, even to the extent that such amounts constituted ordinary and necessary business expenses. Cf. Watkins Salt Co., 1 T.C. 125, 128 (1942). For this reason it is unnecessary to determine what portion of petitioner's expenses paid in 1956 constituted ordinary and necessary business expenses. In Paris, petitioner stayed at the Hotel Francis where he paid $10 a day for his hotel room. He testified that his daily expenses in Paris including his hotel room would be between $20 and $30 a day. Petitioner testified that some of his expenses in Paris were actually paid by him during the period January 1 through January 5, 1957. He was unable to estimate accurately how much he spent during this time but stated that at most it would be about $100. Considering the fact that petitioner returned to Idlewild on January 5, 1957, he probably would have paid expenses for only 4 days in Paris during the year 1957 unless part of his hotel bill for the last week of 1956 was paid in 1957. Petitioner has not shown what portion of his hotel bill *160 for his stay in Paris was paid in 1957. Apparently, from petitioner's testimony, the costs of his meals and taxi fares were paid in cash as they were incurred. Upon consideration of all the evidence and weighing heavily against petitioner of his lack of precise proof, we have determined that petitioner paid expenses in the amount of $80 during the year 1957 while in Paris engaged in activities directly related to his business. We hold the amount of $80 to be deductible as an ordinary and necessary business expense by petitioner in 1957 under the provisions of section 162(a)(2) of the Internal Revenue Code of 1954. Ralph E. Duncan, 30 T.C. 386 (1958). Decision will be entered under Rule 50.